Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 933 | DATE | AUG 7 – 2000 |
| CASE TITLE | U.S. ex rel. Williams v. Clark | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the Respondent's Motion to Dismiss [#22, 25] is DENIED.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | 3 number of notices | Document Number |
| | Notices mailed by judge's staff. | AUG 08 2000 date docketed | |
| | Notified counsel by telephone. | | 28 |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING AUG 08 2000 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| dc(lc) | courtroom deputy's initials | 00 AUG -7 PM 4:30 Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MARCUS WILLIAMS, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 99 C 933<br>)<br>) HONORABLE DAVID H. COAR |
| DWAYNE A. CLARK, | )<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Marcus Williams, acting pro se, filed a petition for writ of habeas corpus. Before this court is Dwayne A. Clark's ("respondent") motion to dismiss Williams' habeas petition. For the reasons discussed herein, respondent's motion is denied.

AUG 0 8 2000

### I. Factual Background

Williams is currently in the custody of Dwayne A. Clark, Warden of the Statesville Correctional Center in Joliet, Illinois. In February 1999, Williams filed a habeas petition in this court. On August 10, 1999, the respondent brought a motion for an extension of time to file a response to Williams' petition. This court granted the respondent until September 9, 1999 to file his response. On September 7, the respondent filed a motion for yet another extension of time. Because the respondent failed to appear for a presentment of that motion, however, the motion was stricken by this court on September 13.

-1-

On November 15, 1999, Williams filed a supplemental brief to his habeas petition. Williams' motion to file that supplemental brief was granted on November 30, 1999. On April 17, 2000, this court directed the respondent to answer Williams' supplemental brief by May 10, 2000. On the date of the expiration of that deadline, the respondent filed a motion to dismiss Williams' petition based on Williams' alleged violation of the statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEPDA"). The court set the following briefing schedule for the motion to dismiss: Williams' answer was due by July 7, 2000 and the respondent's reply was due two weeks thereafter. Williams filed his answer brief in a timely manner. The respondent did not submit a reply brief.

## II. Analysis

Respondent urges the court to dismiss Williams' habeas petition as untimely. Specifically, the respondent cites to section 2244(d) of AEDPA, which sets forth a one year

limitation period for habeas corpus actions.[1] This court, however, need not reach the question whether § 2244(d) bars Williams' petition because the respondent's defense has been waived.

Although the Seventh Circuit has not yet squarely addressed whether section 2244(d)'s one year limitation constitutes a jurisdictional requirement, other circuits as well as courts in this district have construed the limitations period as procedural, rather than as jurisdictional. See United States v. Griffin, 58 F. Supp. 863, 867-68 (N.D. Ill. 1999) (discussing cases); Martinez v. United States, No. 98 C 58, 94 CR 222, 1998 WL 456538 (N. D. Ill. Jul. 31, 1998). Because the limitation period does not serve as a jurisdictional bar, the timeliness argument may be waived. See United States of America ex rel. Galvan v. Gilmore, 997 F. Supp. 1019, 1026 (N.D. Ill. 1998) (holding that "since § 2244(d) does not affect this court's subject matter jurisdiction over habeas petitions, the state can waive the § 2244(d) timeliness issue") (citing Calderon v. United States District Court, 128 F.3d 1283, 1288 (9th Cir. 1997), cert denied, 522 U.S. 1099, 118 S. Ct.

---

[1] Section 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented form filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
28 U.S.C. § 2244(d) (West 2000).

899, 139 L. Ed 2d 884 (1998); Parker v. Bowersox, 975 F. Supp. 1251, 1252 (W.D. Mo. 1997)). See also Carr v. O'Leary, 167 F.3d 1124, 1126 (7th Cir. 1999) (noting that failure to plead a statute of limitations defense in a timely manner generally constitutes a waiver and listing cases).

In the instant case, the limitations argument comes too late. Respondent's motion to dismiss was filed on May 10, 2000, the deadline for the submission of a response to Williams' supplemental brief. Had the limitations argument become apparent only through the supplemental brief, its introduction at this juncture may have been proper. That was not the case. The facts underlying the alleged untimeliness of Williams' petition were available and discoverable once Williams filed his habeas petition in February 1999. The respondent, however, failed to respond to Williams' February petition. Consequently, the respondent waived his opportunity to raise the limitations defense.

In a footnote, the respondent also alleges that Williams' claims are procedurally defaulted. See Mot. to Dismiss, at 3, n.1. The respondent promises to address the issue of default "at a later time" should this court deny the motion to dismiss. Any arguments pertaining to default should have been addressed in the motion to dismiss. When the court imposes a briefing deadline, it expects a complete briefing of the relevant issues to be submitted within that deadline. The court will not accept multiple installments of a brief without good reason for such delay. In light of the respondent's failure to argue the procedural default issue, the court finds that it too has been waived. See Holleman v. Duckworth, 155 F.3d 906, 911 (7th Cir. 1998) (concluding that the state's "passing reference" to the issue of procedural default as a basis for dismissal of a habeas petition was inadequate and that as such, constituted a waiver of the argument); Gomez v. Acevedo, 106 F.3d 192, 196n.4 (7th Cir. 1997), vacated on other grounds,

-4-

522 U.S. 801, 118 S. Ct. 37, 139 L. Ed. 2d 6 (1997) (finding that the state waived the issue of procedural default where the defense was conditionally asserted in a footnote). The respondent shall brief the merits of Williams' habeas petition in accordance with a briefing schedule that shall be set forth at a status hearing.

### III. Conclusion

For the foregoing reasons, the respondent's motion to dismiss Williams' habeas petition is denied.

**Enter:**

_____

**David H. Coar**

**United States District Judge**

Dated: **AUG 7 - 2000**