# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 933 | **DATE** | 9/3/2002 |
| **CASE TITLE** | United States ex rel Marcus Williams-El vs. Kenneth R. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Marcus Williams-El's petitioner for habeas corpus relief pursuant to 28 U.S.C. § 2254

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ■ Hearing set for 10/28/2002 at 10:00 A.M.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, petitioner's petition for habeas corpus relief is denied on grounds 1-5 and ground 7. As to ground 6, ineffective assistance of counsel, petitioner is granted an evidentiary hearing on counsel's failure to investigate exculpatory witnesses. The evidentiary hearing is set for October 28, 2002 at 10:00a.m. The Court, sua sponte, appoints Kenneth Cunniff to represent petitioner at the evidentiary hearing. The clerk's office is hereby directed to forward a copy of this order to Kenneth Cunniff at 30 N. LaSalle St., Suite 2900, Chicago, IL 60602.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 06 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 38 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | klb (lc) courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>MARCUS WILLIAMS-EL,<br><br>        Petitioner,<br><br>v.<br><br>KENNETH R. BRILEY,<br><br>        Respondent. | No. 99 C 0933<br><br>HONORABLE DAVID H. COAR |

DOCKETED
SEP 0 6 2002

## MEMORANDUM OPINION AND ORDER

Before this court is petitioner Marcus Williams-El's ("petitioner" or "Williams-El") petition for habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, this Court denies the petition in part and grants an evidentiary hearing on petitioner's sixth ground for relief..

I.    Factual and Procedural Background

Petitioner is in the custody of Kenneth R. Briley,[1] Warden of the Stateville Correction Center, Joliet, Illinois. On September 19, 1991, after a jury trial, petitioner was convicted of two counts of murder. Petitioner was sentenced to natural life imprisonment. Petitioner appealed his

---

[1] At the time petitioner's habeas corpus petition was filed, petitioner was in custody at Stateville Correctional Center where Dwayne Clark was warden. However, Kenneth R. Briley is now warden at Stateville Correction Center. Pursuant to Rule 2(a) of the Rules Governing Section 2254 cases in the U.S. District Courts, "the state officer having custody of the applicant shall be named as respondent." Therefore, Kenneth R. Briley, the warden at Stateville Correctional Center, has been substituted as the Respondent.

conviction to the Illinois Appellate Court, First Judicial District. On appeal, petitioner raised the following issues:

> a. Petitioner was denied his right to present a defense where the trial court prohibited introduction of evidence demonstrating why petitioner did not visit the victim in the hospital and the State used petitioner's failure to do so as evidence of petitioner's guilt;
> b. The trial court erred in admitting "other crimes evidence" concerning an incident that occurred three months prior to the offense where petitioner allegedly committed a battery against Michelle Parker when such evidence was irrelevant to any fact at issue; and
> c. Prejudicial and inflammatory statements made by the prosecutor during closing argument denied petitioner a fair trial where the State implied that its witnesses had been threatened by petitioner because "it took a lot of guts" to testify for the State and against petitioner.

The Illinois Appellate Court affirmed petitioner's conviction on February 17, 1994. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court which was denied on October 6, 1994.

Petitioner filed a petition for post-conviction relief which was denied by the trial court. In his post-conviction petition, petitioner argued the following:

> a. The State's Attorney did not prove beyond a reasonable doubt that the petitioner committed two counts of first degree murder;
> b. Petitioner's natural life sentence for two counts of first degree murder is excessive;
> c. Petitioner's sentence of incarceration of a natural life sentence is excessive and an abuse of discretion because the trial court gave inadequate consideration to a number of mitigating factors, including petitioner's age and his lack of a prior adult criminal record;
> d. Petitioner was denied his right to present a defense where the trial court prohibited introduction of relevant state of mind of evidence demonstrating why petitioner did not visit the victim in the hospital and the State utilized this failure to argue petitioner's consciousness of guilt;
> e. Petitioner's sixth amendment right to a fair trial was violated when prejudicial and inflammatory statements made by the prosecutor during closing argument denied petitioner a fair trial;

  f. Testimony of the State's witnesses was incredible and contrary to human nature in petitioner's case;
  g. At petitioner's jury trial the evidence was confused and conflicting on several vital questions of fact; and
  h. The trial court erred in admitting "other crimes" evidence concerning an incident that occurred three months prior to the offense where petitioner allegedly committed a battery against Michelle Parker when such evidence was irrelevant to any fact in issue, did not establish motive and where any relevance was far outweighed by the prejudicial effect.

Petitioner filed an appeal to the Illinois Appellate Court. Counsel for petitioner filed a motion to withdraw as appellate counsel pursuant to Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987). The Illinois Appellate Court denied petitioner's appeal and granted counsel's Finley motion on January 25, 1996. Subsequently, petitioner filed a petition for leave to appeal tot he Illinois Supreme Court which was denied on January 30, 1998.

  Petitioner also filed a motion for appointment of an investigator, to assist him in the preparation of a second post-conviction petition, which was denied. Petitioner appealed the denial of his motion to the Illinois Appellate Court. Subsequently, defense counsel, the Cook County Public Defender, filed a motion to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987). On July 28, 1999, the Illinois Appellate Court affirmed the denial of petitioner's motion for appointment of an investigator and granted defense counsel's motion to withdraw.

  On February 11, 1999, petitioner filed the instant habeas corpus petition. In his habeas petition, petitioner raises seven grounds for relief:

  a. The evidence was insufficient to prove petitioner guilty beyond a reasonable doubt;
  b. Evidence of other crimes was improperly admitted;
  c. Petitioner was not allowed to present an adequate defense;
  d. The prosecutor made improper comments at closing argument;

e. Petitioner's sentence of natural life imprisonment is unconstitutional;

f. Petitioner was denied effective assistance of counsel when trial counsel failed to investigate exculpatory witnesses. Also, petitioner was denied effective assistance of post-conviction counsel; and

g. The trial court erroneously admitted hearsay.

II.     Habeas Corpus Standard

A writ of habeas corpus remedies a situation where a petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." Coleman v. Thompson, 501 U.S. 722, 730 (1991). Before a federal court can reach the merits of petition for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner must exhaust the available state-court remedies. Habeas corpus petitioners exhaust all of their state-court remedies when: (1) they present them to the highest court of the state; or (2) no state remedies remain available to the petitioner at the time that the federal petition is filed. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991).

Procedural default is also a barrier that generally prohibits a federal court from examining the merits of a habeas corpus petition. Procedural default occurs either when: (1) a petitioner fails to raise an issue on direct appeal or post-conviction review, see Farrell, 939 F.2d at 410; or (2) the state court clearly relies on a state procedural bar as an independent basis for its denial of relief. See Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). If a petitioner has procedurally defaulted on any claim, this Court can only grant relief if: (1) there is adequate cause for his failure to raise the claim in state court and prejudice resulting from the default – i.e., "cause and prejudice" – Wainwright v. Sykes, 433 U.S. 72, 87 (1977); or (2) default would result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Even where a federal court reaches the merits of a petitioner's claim, relief is only warranted in certain circumstances. To prevail, a habeas corpus petitioner must show that adjudication of the case resulted in a decision that was:(1) contrary to, or (2) an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or, (3) based on an unreasonable interpretation of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. 2254(d). The first ground pertains to pure questions of law. Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). The second ground pertains to mixed questions of law and fact. Id. at 870. To warrant relief, the state-court error must be "grave enough to be called 'unreasonable.'" Id. A state-court conclusion will stand if it is "one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 749 (7th Cir. 1997). A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997). Finally, the third ground contemplates relief only where the facts are, by "clear and convincing evidence," demonstrably wrong. See 28 U.S.C. § 2254(e)(1).

III. Discussion

Petitioner first claims that the evidence was insufficient to prove his guilt beyond a reasonable doubt. Respondent argues that the claim is procedurally defaulted because it was not raised on direct appeal. The Illinois Appellate Court found that this claim was procedurally defaulted under the doctrines of res judicata and waiver. The Seventh Circuit has found that failure to present a claim at the time, and in the way, required by the state is an independent and adequate state ground of decision, which bars review in federal court. Franklin v. Gilmore, 188

F.3d 877, 881 (7th Cir. 1999) (citations omitted). The bar is avoidable only if petitioner demonstrates: (1) cause and prejudice; or (2) a fundamental miscarriage of justice. Petitioner submitted a supplemental brief, alleging ineffective assistance of counsel due to counsel's failure to raise the issue, to show cause and prejudice.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052; 80 L. Ed. 2d 674 (1984); Mason v. Hanks, 97 F.3d 887, 892 (7th Cir. 1996). Appellate counsel's performance is deficient if counsel fails to appeal an issue that is both obvious and clearly stronger than one that was raised. Winters v. Miller, No. 00-1125, 2001 U.S. App. LEXIS 26882 at *12 (7th Cir. Dec. 19, 2001); Williams v. Parke, 133 F.3d 971, 974 (7th Cir. 1997). It is not necessary, however, that appellate counsel "raise every non-frivolous issue under the sun." Mason, 97 F.3d at 893. In addition, a petitioner demonstrates the requisite prejudice only when appellate counsel fails to raise an issue that "may have resulted in a reversal of the conviction, or an order for a new trial." Id. Even assuming, arguendo, that counsel was deficient for not raising the issue, petitioner was not prejudiced because the argument is not meritorious.

It is clearly established federal law, under the Due Process Clause of the Fourteenth Amendment, that in order to find a person guilty of the crime with which he is charged, he must be proven guilty beyond a reasonable doubt of every element of which the charge is comprised. Jackson v. Virginia, 443 U.S. 307, 325 (1979). Thus, on habeas review, a conviction must stand unless the record demonstrates that, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found that the State proved the defendant guilty beyond a reasonable doubt. Jackson, 443 U.S. at 319; Piaskowski v. Bett, 256 F.3d 687, 691 (7th

Cir. 2001). In this case, four witnesses testified that they saw petitioner ride his bicycle into an alley, they then heard four shots, and seconds later, they saw petitioner ride out of the alley. When the police officers arrived, they found two victims in a Chevrolet Beretta in that same alley. They had both been shot in the head. A fingerprint expert testified that a fingerprint was taken from the driver's door and that it matched petitioner's left ring fingerprint. Testimony showed that petitioner had dated the female victim, Michelle Parker, who had been shot twice. The prosecution's theory of the case was that petitioner was jealous that Parker had a new boyfriend and killed them both in a jealous rage. Petitioner makes much of the fact that the evidence was circumstantial and that someone else could have had the opportunity to commit the crime. However, when the circumstantial evidence is viewed in the light most favorable to the prosecution, a reasonable trier of fact could find petitioner guilty beyond a reasonable doubt of murder. The standard is beyond a reasonable doubt, not beyond all doubt. Thus, petitioner was not prejudiced by counsel's failure to raise the issue because it was not meritorious. Accordingly, habeas relief is denied on this ground due to procedural default.

Petitioner next claims that the trial court improperly admitted other crimes evidence. Specifically, the trial court allowed testimony concerning an alleged battery committed by petitioner against Michelle Parker on May 4, 1990. Petitioner raised this claim on direct appeal. The Illinois Appellate Court found that evidence of other crimes is not admissible to show a defendant's disposition or propensity to commit a crime. However, "other crimes evidence" is admissible if relevant to prove modus operandi, intent, identity, motive or absence of mistake. Further, the Illinois Appellate Court found that "[a] trial court's ruling that evidence is admissible will not be reversed absent an abuse of discretion." Moreover, the appellate court

specifically found that whether or not the State proved a jealousy motive, the prior evidence of petitioner's past violence against Michelle Parker was relevant. Petitioner argues that the evidence was used simply to show his propensity to commit violence against Michelle Parker, which was impermissible. This claim is not cognizable. It is not the province of a federal habeas court to reexamine state court determinations on state law questions. Estelle v. McGuire, 502 U.S. 62 (1991). The alleged error was a matter of discretion and was not sufficiently egregious to amount to a denial of equal protection or of due process. See Pulley v. Harris, 465 U.S. 37, 41 (1984).

In the petitioner's third claim for relief, he argues that he was not allowed to present an adequate defense. Particularly, petitioner claims that although the State was allowed to present evidence that he did not visit the victim in the hospital, petitioner's witness was not allowed to explain why petitioner did not visit the victim in the hospital. Thus, according to petitioner, the implication was that he was guilty because he did not visit Michelle Parker in the hospital. Hazel Turner, petitioner's grandmother, intended to testify that Michelle Parker's family had made threats against petitioner when she visited Michelle Parker in the hospital and that she relayed those statements to the petitioner after her visit. Petitioner sought to offer this evidence to show his "state of mind," i.e. explain why he did not visit Michelle Parker in the hospital. Petitioner argues that in the absence of Hazel Turner's statement, the jury was left with the false impression that petitioner's failure to visit was evidence of his guilt. The appellate court found that Hazel Turner's testimony consisted of two hearsay statements. The appellate court also found that petitioner failed to explain why the court should have allowed Ms. Turner to testify. Specifically, the court found that petitioner did not lay a proper foundation and that Ms. Turner's testimony

was basically conclusory. The court stated that "a witness may not state his opinion or conclusion concerning an out of court statement, but is required to recite the statement as nearly as possible."

The Illinois Appellate Court did not act contrary to established federal law. The Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense.'" Crane v. Kentucky, 476 U.S. 683, 690 (1986) (quoting California v. Trombetta, 467 U.S. 479, 485 (1984)). The right is composed of at least two elements: the right to call witnesses and the right to testify in one's own defense. The Constitution does not, however, guarantee that criminal defendants may call every witness they choose. United States v. Scheffer, 523 U.S. 303, 308, 140 L. Ed. 2d 413, 118 S. Ct. 1261 (1998). An accused "does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Taylor v. Illinois, 484 U.S. 400, 410, 98 L. Ed. 2d 798, 108 S. Ct. 646 (1988). "State and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." Scheffer, 523 U.S. at 308. "Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve. '" Id. (citation omitted).

In this case, petitioner is claiming that the hearsay rule excluded exculpatory evidence, i.e. petitioner's reason for not visiting the victim in the hospital. Thus, this Court must evaluate the exculpatory significance of Ms. Turner's testimony, regarding the alleged threats, and balance it against the competing state interest in the hearsay rule that prevented the petitioner from presenting this evidence at trial. Johnson v. Chrans, 844 F.2d 482, 484 (7th Cir. 1988). Hearsay does not become admissible just because it favors a defendant. Gomez v. Greer, 896 F.2d 252,

254 (7th Cir. 1990). As the Seventh Circuit pointed out in Greer, "[r]ules of evidence regulate the trial for the benefit of all." The rules regarding the state-of-mind exception to the hearsay rule, as applied by the state courts, are well supported. Johnson, 844 F.2d at 484. To qualify under the state of mind exception to the hearsay rule, Illinois law requires that the declarant be unavailable as a witness and that there be a reasonable probability that the statement is trustworthy. Petitioner has failed to demonstrate that Ms. Turner's testimony was reliable. While he indicates that Ms. Turner would have testified that members of Michelle's family had threatened petitioner, he never indicated with any specificity which member of Michelle's family made the threats. Ms. Turner's testimony was not a confession, nor did it implicate anyone else in the crime. Instead, Ms. Turner's testimony served as an explanation as to why petitioner did not visit the victim in the hospital. The prosecution had a strong case without testimony regarding petitioner's failure to visit the victim, his former girlfriend, in the hospital. The excluded hearsay could not have significantly diminished the probative weight of the testimony of four witnesses that they saw petitioner enter the alley, heard gunshots, saw petitioner leave the alley, and then two people were found shot in the alley. That was the damning evidence in this case. Thus, even if this Court disregarded its unreliability, the excluded hearsay was still insufficiently exculpatory for this court to mandate its admission. Thus, this Court finds that the Illinois trial court's exclusion of Ms. Turner's testimony was not contrary to federal law. Accordingly, habeas relief is denied on this ground.

Petitioner next claims that the prosecutor made a prejudicial and inflammatory statement during his closing argument. Petitioner raised this claim on direct appeal. Specifically, petitioner argued that the prosecutor improperly insinuated that the State's witnesses had nothing

to gain and everything to lose in testifying by stating that the witnesses had a "lot of guts" to come to court to testify and "point the finger at petitioner." The Illinois Appellate Court found that the statements did not imply that petitioner threatened the witnesses but rather commented on their credibility.

To be successful, petitioner's claim concerning the prosecutor's alleged misconduct must demonstrate that "the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986). "To carry this burden, [the defendant] must show that it is at least likely that the misconduct complained of affected the outcome of his trial--i.e., caused the jury to reach a verdict of guilty when otherwise it might have reached a verdict of not guilty." Rodriguez v. Peters, 63 F.3d 546, 558 (7th Cir. 1995) (citations omitted). When analyzing allegations of prosecutorial misconduct during argument, the Court looks at the disputed remarks in isolation to determine if they are proper. If the statements are proper, the analysis ends. If the statements are improper, the second step is to look at the remarks in light of the entire record to determine if the defendants were deprived of a fair trial. Id. The Court applies the following five factors when determining whether prejudice has occurred:

> (1) the nature and seriousness of the prosecutorial misconduct, (2) whether the prosecutor's statements were invited by conduct of defense counsel, (3) whether the trial court instructions to the jury were adequate, (4) whether the defense was able to counter the improper arguments through the rebuttal, and (5) the weight of the evidence against the defendant.

Rodriguez, 63 F.3d at 558 (citations omitted). However, the most important factor to be considered is proof of guilt, because strong evidence of guilt eliminates any doubt that the

remarks unfairly prejudiced the jury's deliberations. Rodriguez, 63 F.3d 546 at 558 (citing United States v. Gonzalez, 933 F.2d 417, 431-32 (7th Cir. 1991)).

In this case, the Illinois Appellate Court found that the remark was proper and that it went to credibility. The prosecutor did not state that petitioner threatened the witnesses, which would clearly be improper without evidence of actual threats. Even if the statement were improper, it is unlikely that in the absence of the prosecutor's statement the jury might have reached a verdict of not guilty. Again the evidence was in fact circumstantial, but petitioner was the former boyfriend of one of the victims and was identified by four witnesses as entering and exiting the alley immediately preceding and following the shooting. Thus, the Illinois Appellate Court did not act contrary to federal law and habeas relief is denied on this ground.[2]

Petitioner's fifth claim is that his natural life sentence is unconstitutionally excessive. Specifically, petitioner states that the natural life sentence as codified is an usurpation of judicial authority. In support of his claim, petitioner argues that the natural life sentence as codified, precluded the trial court from exercising any discretion in sentencing. Petitioner raised this claim for the first time in his post-conviction petition. The Illinois Appellate Court found that this claim was barred under the doctrines of res judicata and waiver. This provides an independent and adequate state ground of decision which bars federal review. Franklin v. Gilmore, 188 F.3d

---

[2] Petitioner alleges two other instances of alleged prosecutorial misconduct in his reply brief. The first is that the prosecutor made improper statements relative to motive evidence and the second is that the prosecutor made improper statements relative to hearsay evidence. As neither of these claims was raised on direct appeal, post conviction relief, or even in the initial habeas petition, the State Court never had a fair opportunity to decide these constitutional issues. Further, their inclusion in the reply brief means that the State has not had an opportunity to respond to the claim. Finally, the petitioner offers no explanation for their sudden inclusion which would excuse his failure to present the claims prior to his reply brief. Thus, the claims are procedurally defaulted and this court will not address the merits.

877, 881 (7th Cir. 1999). This bar may only be lifted if cause and prejudice are shown. Petitioner has not come forth with any explanation for his failure to raise the issue on direct appeal.[3]

Petitioner's sixth claim is that he was denied effective assistance of counsel when trial counsel failed to conduct both legal and factual investigations of exculpatory witnesses and when trial counsel failed to file a motion to suppress evidence. Particularly, petitioner complains that trial counsel failed to investigate and call Marvin Turner, who was on his back porch overlooking the alley at the time of the incident. According to petitioner, Marvin Turner's description of the suspect was different than that of the four witnesses who testified in court. The petitioner never raised this claim in the state court. Petitioner was represented by the same attorney at trial and on appeal. In his supplemental brief, petitioner argues that the cause of his failure to raise the issue in state court is ineffective assistance of appellate counsel and that he was prejudiced by counsel's failure to raise the issue. The Court will address the merits of the claim.

Counsel is ineffective if: (1) counsel's performance was deficient, "meaning that the performance fell below the legal profession's objective standards for reasonably effective representation;" and (2) that deficiency prejudiced petitioner's defense, "meaning that 'there is a reasonable probability that, but for [counsel's] unprofessional errors, the result of the proceedings would have been different.'" United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir. 1991) (citing Strickland v. Washington, 466 U.S. at 687-88). Strong presumptions attach to both showings; it is presumed that counsel's performance was within the wide range of

---

[3]Petitioner has alleged that he received ineffective assistance of counsel on appeal but he does not raise his sentence as one of the grounds his counsel should have appealed.

-13-

reasonable professional assistance and that the original verdict was reliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

In this case, petitioner complains of trial counsel's failure to call a potentially exculpatory witness. It is clear that trial counsel had knowledge of Marvin Turner. In fact, the State's attorney filed a motion to bar the defense from mentioning possible inferences with respect to Turner. The trial court instructed petitioner's trial counsel that he had the power to subpoena that witness and the trial court even offered trial counsel leave to reopen and call Turner. However, petitioner's trial counsel simply stated, "I don't know what Turner would say," because neither trial counsel nor his investigators ever interviewed Turner. Without having interviewed Turner, it was impossible for trial counsel to determine whether Turner's proposed testimony would have been valuable or inconsistent to petitioner's defense. Trial counsel may simply have decided that even if Turner's description was at odds with that of other witnesses, it would not have altered the outcome. The record is simply not adequate, however, to determine whether counsel's performance was deficient and whether petitioner was prejudiced by counsel's failure to investigate. Thus, the proper course for this Court to follow is to hold an evidentiary hearing on petitioner's claim of ineffective assistance of counsel for failure to investigate. See Bruce v. United States, 256 F.3d 592 (2001).

Petitioner also alleges that his counsel was deficient due to his failure to file a motion to suppress the line-up and quash the arrest. On August 21, 1990, petitioner, in the company of his attorney, Robert Willis, surrendered himself to the police. Attorney Willis told the police that his client, Marcus Williams, would not make any statements. Three hours later, a lineup was conducted without Attorney Willis. After standing in this lineup, petitioner was identified by

-14-

three bystanders as the man they saw fleeing the alley immediately after shots were fired. A defendant has a right to have an attorney present at a post-indictment lineup. United States v. Wade, 388 U.S. 218 (1967). Petitioner, however, was not formally indicted until August 31, 1990, ten days after the line-up. There is no Sixth Amendment right to counsel at a pre-indictment lineup. Kirby v. Illinois, 406 U.S. 682, 689-90, 32 L. Ed. 2d 411, 92 S. Ct. 1877 (1972) (noting that the right does not attach until "at or after the initiation of adversary judicial criminal proceedings--whether by way of formal charge, preliminary hearing, indictment, information, or arraignment"). Accordingly, petitioner's right to counsel had not attached at the time his line-up occurred and he was not prejudiced by his attorney's failure to move to suppress the lineup because the motion lacked merit.

Petitioner also alleges that counsel was ineffective because he did not file a dismissal motion based on petitioner's arrest without a warrant and the fact that petitioner was not taken before a judge within 48 hours to determine probable cause. An illegal arrest, in and of itself, does not justify habeas relief from an otherwise valid conviction. Sanders v. Israel, 717 F.2d 422, 423 (7th Cir. 1983), cert. denied, 465 U.S. 1033 (1984). Thus, even if trial counsel was deficient for failing to move to quash the arrest, petitioner was not prejudiced by this failure because his conviction was valid. Accordingly, habeas relief is denied on this ground.

In petitioner's seventh and final claim for relief, he argues that the trial court improperly admitted hearsay testimony into evidence. Petitioner raises this claim for the first time in his habeas petition. He argues that his counsel was ineffective for failing to raise the issue on his direct appeal and that is sufficient cause to excuse his procedural default. Defense counsel filed a pre-trial motion in limine to preclude the state from introducing the contents of out-of-court

telephone conversations the petitioner allegedly had with Doramil Parker. The motion was denied. This is not a cognizable claim because it involves an issue of state law and does not raise any constitutional concerns. On habeas review, this Court is limited to determining whether petitioner's conviction violated the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 502 U.S. 62 (1991).

## Conclusion

For the foregoing reasons, petitioner's petition for habeas relief is denied on grounds 1-5 and ground 7. As to ground 6, ineffective assistance of counsel, petitioner is granted an evidentiary hearing on counsel's failure to investigate exculpatory witnesses.

Enter:

*David H. Coar*
David H. Coar
United States District Judge

Dated: September 3, 2002